**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHIGAN BUILDING AND CONSTRUCTION
TRADES COUNCIL, AFL-CIO,
an unincorporated association;
and GENESEE, LAPEER, SHIAWASSEE
BUILDING AND CONSTRUCTION
TRADES COUNCIL, AFL-CIO, an unincorporated
association,

                    Plaintiffs,

v.

RICHARD SNYDER, Governor of the State of
Michigan, in his official capacity

                    Defendant.

Case No. 2:11-CV-13520
Hon. Victoria A. Roberts

_____/

| | |
|---|---|
| John R. Canzano (P30417) | Susan Przekop-Shaw (P30495) |
| KLIMIST, McKNIGHT, SALE | Dennis J. Raterink (P52678) |
| McCLOW & CANZANO, P.C. | Dan V. Artaev (P74495) |
| 400 Galleria Officentre, Suite 117 | Assistant Attorneys General |
| Southfield, MI 48034 | Labor Division |
| 248-354-9650 | P.O. Box 30736 |
| jcanzano@kmsmc.com | Lansing, MI 48909 |
| | (517) 373-2560 |
| Terry R. Yellig | przekopshaws@michigan.gov |
| Victoria L. Bor | raterinkd@michigan.gov |
| SHERMAN, DUNN, COHEN, | artaevd@michigan.gov |
| LEIFER & YELLIG, P.C. | |
| 900 Seventh Street, N.W., Suite 1000 | *Attorneys for Defendant* |
| Washington, D.C. 20001 | |
| 202-785-9300 | |
| yellig@shermandunn.com | |
| bor@shermandunn.com | |
| *Attorneys for Plaintiffs* | |

_____/

**PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION BY THE
ASSOCIATED BUILDERS AND CONTRACTORS OF MICHIGAN FOR
LEAVE TO FILE BRIEF AS *AMICUS CURIAE***

The Associated Builders and Contractors of Michigan ("Michigan ABC") seeks to file an *amicus curiae* brief supporting Defendant Snyder's Supplemental Brief in Support of Summary Judgment. (Dkt. 25.) For each of the following reasons, Plaintiffs Michigan Building and Construction Trades Council, AFL-CIO, and Genesee, Lapeer, Shiawassee Building and Construction Trades Council, AFL-CIO ("Plaintiff Councils") oppose Michigan ABC's motion for leave to file a brief as *amicus curiae*.

## ARGUMENT

### THE COURT SHOULD DENY MICHIGAN ABC'S MOTION FOR LEAVE TO FILE *AMICUS* BRIEF BECAUSE IT IS NOT TIMELY, USEFUL OR OTHERWISE NECESSARY TO THE ADMINISTRATION OF JUSTICE.

Michigan ABC asserts as grounds justifying its participation in this case as *amicus curiae* that the Associated Builders and Contractors, Inc., its parent organization, has participated as *amicus curiae* or a party in a "significant number of cases relating to different aspects of government-mandated PLAs around the country" and "its attorneys have extensively researched and litigated all aspects of labor law preemption as that issue pertains to government-mandated PLAs." *Id.* at 2. Accordingly, Michigan ABC claims that it seeks to file a brief as *amicus curiae* in order to assist the Court in answering a number of important questions raised by the Court concerning the manner in which project labor agreements ("PLA's") function in the marketplace and the true impact of the Michigan Fair and Open Competition in Government Construction Act, Mich. Comp. Laws §§ 408.871 *et. seq.* (hereafter "Michigan P.A. 98").

In support of its request, Michigan ABC's proposed brief "incorporates by reference and expresses its general agreement with positions taken by the Defendant in this case." *Id.* at 6, n.3. Michigan ABC's proposed *amicus* brief then focuses on "those issues in the case which appear to require additional explanation for the benefit of the Court." *Id.* Next, Michigan ABC's

1

proposed *amicus* brief proceeds to argue that Michigan P.A. 98 constitutes lawful market participation by the State that is not preempted by the federal law, *id.* at 6-11; and it does not regulate any activity of private parties that is preempted by the National Labor Relations Act ("NLRA"), *id.* at 11-14.

Outside parties do not have an automatic right to file *amicus* briefs. *See United States v. Michigan,* 940 F.2d 143, 165 (6th Cir.1991). The decision to grant *amicus* status is within the sound discretion of the court and depends upon "a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *Id.* "The orthodox view of *amicus curiae* was, and is, that of an *impartial* friend of the court -- *not an adversary party in interest in the litigation*," however, over the years, "some courts have departed from the orthodoxy of *amicus curiae* as an impartial friend of the court and have recognized a *very limited* adversary support of given issues through brief and/or oral argument." *Id.* at 164-65 (emphasis in original). Nonetheless, "[c]lassical participation as an *amicus* to brief and argue as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts,' depending upon a finding that the proffered information of *amicus* is timely, useful, or otherwise necessary to the administration of justice." *Id.* at 165 (citations omitted).

> As explained by then-Chief Judge Posner of the Seventh Circuit:
>
> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1063 (7th Cir. 1997). As

2

such, courts should deny permission to file *amicus* briefs that fail to "tell us anything we don't know already." *Id.* Indeed, "[t]he bane of lawyers is prolixity and duplication, and for obvious reasons is especially marked in commercial cases with large monetary stakes." *Id.*

### 1. **Michigan ABC's Proposed *Amicus* Brief is not Timely.**

This matter was initiated when the Plaintiff Councils filed their initial Complaint on August 11, 2011 (Dkt. 1). Thereafter, Defendant Snyder filed a Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim on September 16, 2011 (Dkt. 8), the Court issued an Order Requiring Response to the Motion to Dismiss on September 23, 2011 that established a briefing schedule and motion hearing date on November 21, 2011 (Dkt. 9), which prompted Plaintiff Councils to file an Amended Complaint (Dkt. 10) that in turn resulted in Defendant Snyder filing a Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim (Dkt. 12), which prompted the Court to issue a new Order Setting Hearing on Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim that established a briefing schedule and set a hearing on January 4, 2011. (Dkt. 13.) Notwithstanding this prolonged briefing and hearing schedule encompassing nearly five (5) months, Michigan ABC did not move to participate in the above-captioned matter until the Court issued an Order on January 4, 2012 that established a schedule for filing short supplemental briefs. (Dkt. 23.) Even then, Michigan ABC did not file its' Motion for Leave to File Brief as *Amicus Curiae* until January 23, 2011, after Plaintiff Councils filed their Supplemental Brief in Support of Summary Judgment on January 13, 2011 (Dkt. 24) in accordance with the Court's January 4, 2012 Order. (Dkt. 23.) This chronology graphically demonstrates that Michigan ABC's Motion for Leave to File Brief as *Amicus Curiae* is not timely and will serve only to delay a decision on the merits.

3

### 2. Michigan ABC's Proposed *Amicus* Brief is not Useful to the Court.

In addition, Defendant Snyder's Supplemental Brief in Support of Summary Judgment (Dkt. 30) argues, *inter alia*, that Michigan P.A. 98 is an exercise of proprietary conduct that is not subject to NLRA preemption that does not regulate any activity of private parties that is otherwise protected by the NLRA. *Id.* at 3-9. These are the same issues addressed in Michigan ABC's proposed *amicus* brief. (Dkt. 25 at 6-14.) Hence, Michigan ABC's proposed *amicus* brief doesn't tell the Court anything that Defendant Snyder's Supplemental Brief in Support of Summary Judgment doesn't already tell it, *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d at 1063, and, therefore, serves no useful purpose to the Court.

### 3. Michigan ABC's Proposed *Amicus* Brief is not Otherwise Necessary to the Administration of Justice.

Finally, Michigan ABC's proposed *amicus* brief is not otherwise necessary to the administration of justice. On the contrary, Michigan ABC's proposed *amicus* brief falls in the adversarial category. Michigan ABC and its parent organization Associated Builders and Contractors, Inc. make no bones about their adamant opposition to inclusion of project labor agreements in bid specifications and contracts for construction awarded by public entities such as states and their political subdivisions. *See* (Dkt. 25, at 5) ("The experience of [Michigan] ABC members, confirmed by published reports, has been that government-mandated Project labor Agreements (PLAs) are not the most economic and efficient use of taxpayer resources, but instead result in increased taxpayer costs, reduced competition, delays, defective workmanship, safety complaints, and problems for minorities and women in construction.").[1] As such,

---

[1] Interestingly, the "published report" Michigan ABC cites is an article written by Maurice Baskin, who is listed in Michigan ABC's proposed *amicus* brief as "Of Counsel" and is the General Counsel of the Associated Builders and Contractors, Inc., which is published

4

Michigan ABC's proposed *amicus* brief presents a highly partisan account of the issues presented in this case that is contrary to the classic position of the *amicus*, which is to aid the court in resolving doubtful issues of law. *United States v. Michigan,* 940 F.2d at 165.

It is evident that Michigan ABC wants to participate in the above-captioned action, not as a "friend of the court" but as an adversary to the Plaintiff Councils. The Court should exercise its discretion and disallow the *amicus* brief under these circumstances.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion of Associated Builders and Contractors of Michigan for Leave to File Brief as *Amicus Curiae*, and strike Michigan ABC's proposed *amicus* brief, which Michigan ABC filed on the docket of this Court without first obtaining leave of court.

Respectfully submitted,

KLIMIST, McKNIGHT, SALE
McCLOW & CANZANO, P.C.

By: /s/ John R. Canzano
John R. Canzano (P30417)
400 Galleria Officentre, Suite 117
Southfield, MI 48034-8460
(248) 354-9650
canzano@kmsmc.com

TERRY R. YELLIG
VICTORIA L. BOR
SHERMAN, DUNN, COHEN,
LEIFER & YELLIG, P.C.
900 Seventh Street, N.W., Suite 1000
Washington, D.C. 20001
(202) 785-9300
yellig@sherrnandunn.com
bor@shermandunn.com
*Attorneys for Plaintiffs*

---

on that organization's website entitled "The Truth About Project Labor Agreements." This hardly qualifies as an "objective" report.

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification to counsel of record.

        /s/ John R. Canzano
JOHN R. CANZANO (P30417)
Attorney for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034-8460
(248) 354-9650
jcanzano@kmsmc.com


Dated: January 27, 2012