UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN BUILDING AND
CONSTRUCTION TRADES COUNCIL,　　　CASE NUMBER: 11-13520
AFL-CIO, and GENESEE, LAPEER,
SHIAWASSEE BUILDING AND　　　　　　HONORABLE VICTORIA A. ROBERTS
CONSTRUCTION TRADES COUNCIL,
AFL-CIO,,

          Plaintiffs,

v.

RICHARD SNYDER, Governor of the State of
Michigan, in his official capacity,

          Defendant.
_____/

## ORDER DENYING DEFENDANT SNYDER'S MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT, ATTACHED EXHIBITS AND ANY REFERENCE TO EXHIBITS

**I.　INTRODUCTION**

    Before the Court is Defendant's Motion to Strike Plaintiffs' Supplemental Brief in Support of Summary Judgment, Attached Exhibits and Any Reference to Exhibits (Doc. 28). Defendant objects to two exhibits attached to Plaintiffs' Supplemental Brief filed on January 13, 2012: Ex. A, Declaration of Mike Lynch with copies of two project labor agreements; and Ex. B., Declaration of William Lorelli.

    Defendant's motion is **DENIED**.

**II.　DISCUSSION**

    On January 4, 2012, the Court held a hearing on Defendant's motion to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). At the hearing, both

1

sides agreed that they did not need to conduct discovery before the case could proceed to a decision on the merits.  The Court issued an Order that same day converting the Rule 12(b)(6) motion to dismiss into cross-motions for summary judgment under Rule 56, and allowing the parties the opportunity to file supplemental briefs in support of summary judgment (Doc. 23).

Defendant says that the Court did not grant leave for the parties to introduce additional factual information or supplement the record with anything other than statements of law.  Further, Defendant says his consent to the Court's conversion of his motion to dismiss into one for summary judgment was "predicated on the [Plaintiffs'] representation that the record was complete and that no more facts were going to be introduced."  Mot. to Strike at 3.

Plaintiffs say that the limited factual material they produced was entirely proper.  The Court agrees.  Contrary to Defendant's assertion, Plaintiffs do not introduce additional factual material; rather, they provide sworn declarations to support the allegations already stated in their Amended Complaint and other pleadings.  Fed. R. Civ. P. 56(c)(1)(A) specifically contemplates that a brief in support of summary judgment may be supported by declarations or affidavits.  In addition, Defendant's contention that Plaintiffs should have produced the factual materials earlier is unavailing; a motion under Rule 12(b)(6) tests the sufficiency of the pleadings alone, not the merit of the underlying allegations.  A court considering a Rule 12(b)(6) motion to dismiss is directed to take the factual allegations in the complaint as true.  Therefore, Plaintiffs had no reason to provide the Court supporting factual materials prior to the conversion of the motion into one for summary judgment.

Just because a case presents a pure question of law does not mean that the parties need not support their factual allegations with competent evidence. Federal courts exist to adjudicate concrete cases and controversies, not abstract legal disputes. A federal court is not empowered to resolve legal disputes in a factual vacuum.

Defendant could have supplemented his summary judgment brief with supporting factual materials. The Court's Order of January 4, 2012, contemplated additional briefing consistent with the procedures set forth in Rule 56(c). Plaintiffs' decision to support their factual position with affidavits is entirely consistent with Rule 56 and the Court's January 4th Order. Defendant's motion is **DENIED**.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 16, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 16, 2012.

s/Linda Vertriest
Deputy Clerk

3